People v J.P. (2026 NY Slip Op 00099)

People v J.P.

2026 NY Slip Op 00099

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Ind. No. 2141/19|Appeal No. 5548|Case No. 2023-05494|

[*1]The People of the State of New York, Respondent,
vJ.P., Appellant.

Twyla Carter, The Legal Aid Society, New York (Jonathan R. McCoy of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Kathryn S. Paek, J.), rendered September 18, 2023, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 19 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for a youthful offender determination, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses appellate review of his suppression claims (see People v Lewis, 49 AD3d 474, 474 [1st Dept 2008], lv denied 10 NY3d 932 [2008]). As an alternative holding, we find that the court properly denied the suppression motion. Under all the circumstances, defendant's detention in a cell for approximately three hours at the precinct after presenting himself there and telling police that he was "on the video" showing the fatal stabbing of the victim, and while the assigned detective was engaged in preliminary investigation, constituted a level three seizure that was supported by reasonable suspicion (see People v Hicks, 68 NY2d 234, 241-242 [1986]). In any event, his detention was supported by probable cause (see People v Johnson, 66 NY2d 398, 402 [1985]).
The trial court did not make a youthful offender determination regarding defendant, who was 18 years old at the time of the crime (see CPL 720.20; People v Rudolph, 21 NY3d 497, 501 [2013]; People v Harris, 236 AD3d 549, 550 [2025]). As the People concede, the case must be remanded to the sentencing court to allow it to make this required determination.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026